Before STATE INDUSTRIAL BOARD, Respondent.

HARRY G. WILLMUS, Respondent, *v.* U. S. HOFFMAN MACHINERY CORPORATION and Another, Appellants.

Third Department, May 5, 1926.

**Workmen's compensation — claimant while driving automobile in regular employment was held up, robbed and assaulted — evidence does not show assault arose out of employment.**

The claimant who, while driving his employer's automobile in his regular employment, was held up, robbed and assaulted and suffered the injuries for which he

claims compensation, is not entitled to an award, where it is largely a matter of speculation as to what induced the assault, and the facts in evidence are insufficient to show that the assault arose out of the employment.

APPEAL by U. S. Hoffman Machinery Corporation and another from an award of the State Industrial Board, made on the 11th day of June, 1925.

The award is opposed on the ground that the injury sustained by the claimant was not the result of an accident that arose out of his employment.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J.  The claimant was a demonstrator and was driving his employer's automobile in his regular employment when he was held up in the middle of the day on the road and as the employer admits in its report he was " shot through the thigh and robbed, and cuts on face by knife." Compensation was paid him for a few weeks. Then at a hearing the claimant made this statement: " This holdup is not a common holdup. I was taken from one company because I knew a lot, and given a higher salary, and it was through being sent to this company that they sent me a letter to deliver papers. I was sent a letter two days before the accident that something was going to happen. I was riding around demonstrating. I was eleven o'clock in the president's office, and his life was threatened in these same letters. Twelve o'clock that afternoon I was held up and shot, and this party told me he was the party sent me the letters for these papers." Perhaps he was assaulted by someone representing a rival concern, by whom claimant had previously been employed, for the reason that, to the knowledge of his present employer, claimant possessed papers having something to do with his present employer's business and of value to it, which belonged to the former employer and the possession of which by the employee of a competitor in business was detrimental to the former employer. However, this is a mere supposition. It is true that the president of his present employer had his life threatened in the letters received by the claimant. The party who assaulted him told claimant he was the party who sent the letters. Claimant says he was taken from one company because he knew a lot and given a higher salary " and it was through being sent to this company that they sent me a letter to deliver papers." The nature of the " papers," however, does not appear and we do not know that they had anything to do with claimant's present employment. A threat was made against the president of this

present employer, but it does not follow that the animosity or whatever caused the assault grew out of the present employment. There are not sufficient facts in evidence from which the State Industrial Board could find that the assault arose out of the employment.

The award should be reversed and the matter remitted to the State Industrial Board, with costs against said Board to abide the event.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.